IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| GLYNDA EXUM,<br><br>    Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>    Defendant. | No. C11-0075<br><br>ORDER REGARDING DISCOVERY |

This matter comes before the Court on the Motion to Have Its Requests for Admissions to Plaintiff Deemed Admitted, to Compel Discovery, and to Pay PRA's Costs (docket number 16) filed by the Defendant on February 24, 2012, and the Response (docket number 17) filed by the Plaintiff on March 6, 2012. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS

On July 19, 2011, Plaintiff Glynda Exum filed a complaint seeking damages from Defendant Portfolio Recovery Associates, LLC ("Portfolio") for an alleged violation of the Fair Debt Collection Practices Act. Portfolio answered on September 21, 2011. On November 28, 2011, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to a May 31, 2012 deadline for completion of discovery.

On December 1, 2011, Portfolio served Exum with various discovery requests, including interrogatories, requests for production of documents, and requests for admissions.[1] Portfolio's responses to the discovery requests were due not later than

---

[1] The facts underlying the instant motion are set forth in a declaration of Charles
(continued...)

January 3, 2012. *See generally*, FED. R. CIV. P. 33(b)(2), 34(b)(2)(A), 36(a)(3), and 6(d). Exum did not timely respond to the discovery requests or the request for admissions.

On January 11, 2012, Portfolio's attorney wrote to Exum's attorney, noted that responses to the discovery requests had not been received, and requested responses by January 18, 2012. Exum's attorney responded two days later, on January 13, asserting that he had not received a copy of Portfolio's requests. On January 18, Exum filed a motion for extension of time to respond to the discovery requests and "for relief from request for admissions." *See* docket number 10. Upon receipt of the motion, Portfolio's counsel contacted Exum's counsel and "we agreed that another set of [Portfolio's] discovery would be e-mailed to Plaintiff's counsel and that Plaintiff's responses would be due by February 8, 2012."[2] Exum then filed a motion to withdraw her earlier motion for extension of time.

On January 19, Portfolio's attorney e-mailed a copy of the discovery requests to Exum's attorney. On February 9, after further discussion between counsel, it was agreed that Portfolio "would grant one last extension until February 17, 2012 for Plaintiff to respond to [Portfolio's] discovery requests."[3] Exum has still not responded to the discovery requests or the request for admissions.

In her response, Exum acknowledges that the parties agreed to a February 17 deadline for responding to discovery. Exum concedes that she did not respond by the deadline, but asserts that "counsel for Plaintiff has recently experienced difficulty in

---

[1](...continued)
L. Littow, attorney for Portfolio. *See* docket number 16-2. In her response, Exum does not contest the assertions set forth in Littow's declaration. According to Littow, a copy of Portfolio's discovery requests "is attached as Exhibit 1" to the declaration. However, copies were *not* attached.

[2] Declaration of Charles L. Littow (docket number 16-2), ¶ 5 at 1.

[3] *Id.*, ¶ 9 at 2.

making contact with Plaintiff, believing she may be traveling and so having limited access to phone or email."[4] Noting that the discovery deadline is May 31, 2012, Exum asserts that Portfolio "should not be prejudiced if this Court allows Plaintiff additional time."[5]

## II. DISCUSSION

In its instant motion, Portfolio seeks the following relief: (1) a determination that the requests for admissions served on Exum are deemed admitted; (2) an order compelling Exum to respond to the interrogatories and requests for production of documents "without objection" within 30 days of the Court's Order; and (3) an order requiring Exum to pay Portfolio the reasonable expenses, including attorney fees, incurred in pursuing the instant motion. In response, Exum asks that she be given a 30-day extension "to reply to Defendant's discovery requests."

### A. Request for Admissions

On December 1, 2011, Portfolio served Exum with requests for admissions. Generally, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). However, "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Id. Here, the parties stipulated that Exum would be given until February 17, 2012 to respond to the "discovery requests."[6] Exum did not respond to the request for admissions by February 17, nor had she responded by the time Portfolio filed its instant motion on February 24.

---

[4] Exum's Response (docket number 17), ¶ 5 at 2.

[5] Id., ¶ 7 at 2.

[6] While there may be an argument regarding whether requests for admissions are properly considered "discovery requests," Exum does not assert in her resistance to the instant motion that the parties stipulated to some other date for the response to request for admissions.

3

If a party fails to timely serve the requesting party with a response, then the "matter is admitted." Given Exum's failure to timely serve a written answer or objection to Portfolio's request for admissions, the Court finds that the matters set forth in the request are admitted. *Quasius v. Schwan Food Co.*, 596 F.3d 947, 951 (8th Cir. 2010). Once a matter is admitted, it is "conclusively established" for purposes of the action, "unless the court, on motion, permits the admission to be withdrawn or amended." RULE 36(b). Exum has not filed any motion to withdraw or amend the admissions. Accordingly, the Court concludes that the requests for admissions served on Exum are deemed admitted and conclusively established for purposes of this proceeding.

### B. *Interrogatories and Requests for Production of Documents*

On December 1, 2011, Portfolio served Exum with various discovery requests, including interrogatories and requests for production of documents. After Exum did not timely respond to the discovery requests, Portfolio provided Exum with another copy of the requests, and the parties agreed that the responses would be due by February 8, 2012. The parties later agreed to "one last extension" to February 17, 2012. Exum failed to respond by the deadline agreed to by the parties.

In her response to the instant motion, Exum admits that she failed to timely respond to the discovery requests. The only explanation provided for this failure to respond is that "counsel for Plaintiff has recently experienced difficulty in making contact with Plaintiff, believing she may be traveling and so having limited access to phone or email."[7]

If a party fails to answer an interrogatory, or fails to permit inspection of documents, then the party seeking discovery may move for an order compelling an answer or production. FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). The Court finds that Portfolio's motion to compel should be granted. Exum must respond to the discovery requests not later than April 2, 2012.

---

[7] Exum's Response (docket number 17), ¶ 5 at 2.

## C. Request for Expenses and Attorney Fees

If a party fails to respond to discovery requests, the Court may, on motion, order sanctions if:

> a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

FED. R. CIV. P. 37(d)(1)(A)(ii). The sanctions may include the payment of "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." RULE 37(d)(3).

The Court finds that Exum's failure to timely respond to the discovery requests was not "substantially justified." Furthermore, the Court finds no circumstances which would "make an award of expenses unjust." Accordingly, Exum will be required to pay the reasonable expenses and attorney's fees associated with Portfolio filing the instant motion. The parties shall attempt to reach an agreement regarding the reasonable expenses and attorney's fees. If the parties are unable to agree in this regard, then Portfolio may file an appropriate application for a determination by the Court of its reasonable expenses and fees.

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion (docket number 16) is **GRANTED** as follows:

1. The matters set forth in Portfolio's request for admissions are deemed admitted and conclusively established for purposes of this proceeding.

2. Exum must respond to Portfolio's interrogatories and requests for production of documents not later than **April 1, 2012**, or be subject to appropriate sanctions upon further application by Portfolio.

3. Exum shall pay Portfolio the reasonable expenses, including attorney's fees, associated with Portfolio filing the instant motion. If the parties are unable to agree on the

amount of reasonable expenses, including attorney's fees, then Portfolio may file a further application for judicial determination of those amounts.

DATED this 15th day of March, 2012.

								_____
								JON STUART SCOLES
								UNITED STATES MAGISTRATE JUDGE
								NORTHERN DISTRICT OF IOWA