IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

GLYNDA EXUM,

           Plaintiff,

vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

           Defendant.

No. C11-0075

ORDER REGARDING PENDING
MOTIONS

## TABLE OF CONTENTS

I.       **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.      **RELEVANT FACTS AND PROCEEDINGS** . . . . . . . . . . . . . . . . . . . . . 2

III.     **DISCUSSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        *A.*   *Motion for Leave to Amend Answers to Requests for Admissions* . . . 6
        *B.*   *Portfolio's Motion for Sanctions* . . . . . . . . . . . . . . . . . . . . . . . 10
        *C.*   *Application for Previously-Ordered Attorney's Fees* . . . . . . . . . . . 13
        *D.*   *Motion to Withdraw as Counsel* . . . . . . . . . . . . . . . . . . . . . . . 13

IV.     **ORDER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

This matter comes before the Court on the Motion to Withdraw as Plaintiff's Attorney of Record (docket number 19) filed by attorney Chase McCool on April 4, 2012; the Motion for Leave to Amend Answers to Defendant's Requests for Admission and Serve Late Discovery Responses (docket number 20) filed by the Plaintiff on April 6, 2012; the Motion for Sanctions and Application for Judicial Determination of its

Reasonable Attorneys Fees and Costs Pursuing Plaintiff's Delinquent Discovery Responses (docket number 21) filed by Defendant on April 10, 2012; and the Motion for Leave to File Response to Defendant's Motion for Sanctions (docket number 24) filed by the Plaintiff on April 30, 2012.  Pursuant to Local Rule 7.c, the motions will be addressed without oral argument.

## II.  RELEVANT FACTS AND PROCEEDINGS

This case was initiated on July 19, 2011 when Plaintiff Glynda Exum filed a verified Complaint against Defendant Portfolio Recovery Associates, LLC ("Portfolio"). According to the complaint, Exum resides in Clarence, Iowa and Portfolio is a Virginia corporation engaged in debt collection.[1]  Exum claims that Portfolio violated the Fair Debt Collection Practices Act by calling late in the evening, engaging in conduct "the natural consequence of which is to harass, oppress, or abuse" her, using obscene or profane language, and causing the telephone to ring repeatedly "with the intent to annoy, abuse, and harass" her.  Portfolio filed an answer on September 21, 2011 denying the material allegations.

Exum's complaint was brought "through her attorneys, KROHN & MOSS, LTD," with attorney J.D. Haas of Bloomington, Minnesota signing the complaint.[2]  On November 28, 2011 the Court adopted, with one amendment not relevant here, the Scheduling Order and Discovery Plan submitted by the parties.  Among other things, the parties agreed to deadlines for adding parties, amending pleadings, disclosing expert witnesses, and completing discovery.  On December 15, 2011 attorney Chase McCool of Des Moines, Iowa appeared on Exum's behalf, and Mr. Haas withdrew.

---

[1] In its answer, Portfolio states that it is "a limited liability company with its principal office located in Norfolk, Virginia."  Portfolio also states that "at times it may be deemed a 'debt collector' as defined by the FDCPA [Fair Debt Collection Practices Act]."

[2] Somewhat confusingly, the docket reflects Mr. Haas being associated with Weisberg & Meyers LLC of Phoenix, Arizona.

Meanwhile, December 1, 2011, Portfolio served Exum with various discovery requests, including interrogatories, requests for production of documents, and requests for admissions.[3] After failing to receive a response from Exum, Portfolio's attorney (Charles L. Litow) sent a letter to Mr. McCool on January 11, 2012, requesting responses be provided by January 18.[4] Mr. McCool responded to Mr. Litow in an email, stating he had not received Portfolio's discovery requests, and asking for an additional 30 days. Exum also filed a motion for extension of time to respond. Counsel subsequently agreed that another copy of Portfolio's discovery requests would be emailed to Mr. McCool, with responses due by February 8. Exum then filed a motion to withdraw her earlier motion for extension.

On February 9, 2012 Litow received an email from attorney Matthew Slodowy of Krohn & Moss, Ltd. stating that he represented Exum, and requesting an additional two weeks to respond to the discovery requests.[5] Attorney James R. Bedell of Moss & Barnett in Minneapolis, Minnesota, who by that time had appeared on Portfolio's behalf, responded to the email and granted "one last extension" to February 17, 2012.[6] Exum did not respond to the discovery requests by the deadline established by Portfolio.

On February 24, 2012 Portfolio filed a "Motion to Have its Requests for Admissions to Plaintiff Deemed Admitted, to Compel Discovery, and to Pay PRA's costs." In her response, Exum acknowledged that "[a]fter discussions between counsel, the parties agreed that Plaintiff would have until February 17, 2012 to respond to

---

[3] Declaration of Charles L. Litow (docket number 16-2) at 1, ¶ 2.

[4] *Id.* at 1, ¶ 3.

[5] Declaration of Charles L. Litow (docket number 21-2) at 1, ¶ 3.

[6] *Id.* at 1-2, ¶ 4.

Defendant's Discovery."[7]   The response further stated that "counsel for Plaintiff has recently experienced difficulty in making contact with Plaintiff, believing she may be traveling and so having limited access to phone or email."[8]   On March 15, the Court granted Portfolio's motion, as follows:

> 1.   The matters set forth in Portfolio's request for admissions are deemed admitted and conclusively established for purposes of this proceeding.
>
> 2.   Exum must respond to Portfolio's interrogatories and requests for production of documents not later than **April 1, 2012**, or be subject to appropriate sanctions upon further application by Portfolio.
>
> 3.   Exum shall pay Portfolio the reasonable expenses, including attorney's fees, associated with Portfolio filing the instant motion.   If the parties are unable to agree on the amount of reasonable expenses, including attorney's fees, then Portfolio may file a further application for judicial determination of those amounts.

Order Regarding Discovery (docket number 17) at 5-6.

On March 17, 2012 Portfolio received Exum's responses to Portfolio's requests for admissions, interrogatories, and requests for production.[9]   The responses are electronically signed by Mr. McCool and include a certificate of service indicating they were mailed to Mr. Litow on March 15.

On April 4, Mr. McCool filed his instant motion to withdraw as Exum's attorney of record.   According to the motion, "despite repeated and diligent efforts, Counsel has

---

[7] Exum's Response to Motion to Compel (docket number 17) at 1, ¶ 4.

[8] *Id.* at 2, ¶ 5.

[9] Copies of the responses were attached to Portfolio's instant motion for sanctions. *See* Declaration of Charles L. Litow, Exhibit A (docket number 21-3).

been unable to contact Plaintiff regarding her case since at least January of 2012."[10] Mr. McCool states that he and his staff have sent repeated emails to Exum at her last known email address and have sent letters to Exum, "including copies of recent orders of this Court," to Exum at her last known mailing address, but have received no response.

Two days later, on April 6, Exum filed her instant "Motion for Leave to Amend Answers to Defendant's Requests for Admission and Serve Late Discovery Responses." Exum asserts, among other things, that she "provided her late responses to Defendant's disocvery [sic] requests on March 30, 2012."[11] In fact, Exum's responses to Portfolio's discovery requests were apparently served on March 15.[12] Accordingly, the responses to interrogatories and requests for production were timely served pursuant to the Court's Order compelling discovery. The fighting issue in this motion is whether the Court should permit the admissions to be withdrawn or amended pursuant to FEDERAL RULE OF CIVIL PROCEDURE 36(b), after the Court has already determined that the matters are conclusively established pursuant to Rule 36(a)(3).

Four days later, on April 10, Portfolio filed its instant motion for sanctions. Portfolio asserts that Exum's responses to its discovery requests fail to comply with the Court's Order compelling discovery, thereby justifying the imposition of sanctions. Portfolio asks that the case be dismissed and that Mr. McCool be ordered to pay attorney fees. In the same motion, Portfolio asserts that the parties have been unable to reach an agreement regarding the reasonable attorney fees which were ordered in the Court's Order granting Portfolio's motion to compel discovery. Exum has not filed a response to the motion for sanctions or application for attorneys fees.

---

[10] Motion to Withdraw (docket number 19) at 1, ¶ 3.

[11] Motion for Leave to Amend and Serve Late Responses (docket number 20) at 2.

[12] Exum's motion also states "*See* Exhibit A, hereto." *Id.* However, no exhibit was attached to the motion.

Portfolio's motion for sanctions and application for attorneys fees was filed on April 10. Accordingly, Exum's response was due not later than April 27.[13] Exum did not file a response by the deadline. Instead, on April 30, Exum filed her instant motion for leave to file an untimely response. According to the motion, "[a]pparently due to a technical error or e-mail malfunction, Counsel for Plaintiff never received CM/ECF notification of the motion."[14] According to the notice of electronic filing found in the file, a copy of the motion was sent to Mr. McCool at cpmccool@gmail.com and cmccool@liberty.edu. Mr. McCool repeats in his reply, however, that he did not receive a copy of the motion and "sees no indicia that his email system was somehow inoperative or otherwise malfunctioning."[15]

## III.  DISCUSSION

### A.  *Motion for Leave to Amend Answers to Requests for Admissions*

The Court will first address Exum's motion asking that she be permitted to "amend" her answers to Portfolio's requests for admissions.  While Exum's motion speaks in terms of "amending" her answers, it appears that she is really asking that the responses which she served on March 15 to Portfolio's requests for admissions be deemed timely.  Stated otherwise, Exum effectively asks that she be permitted to withdraw the admissions which occurred automatically pursuant to FED. R. CIV. P. 36 when timely responses were not served.

FEDERAL RULE OF CIVIL PROCEDURE 36 permits a party to request that another party admit the truth of any matters within the scope of Rule 26(b)(1).  *See* FED. R. CIV. P. 36(a)(1).  Portfolio served Exum with 41 requests for admissions, including many that go to the heart of Exum's claim.  Generally, the party to whom the

---

[13] *See* Local Rules 7.e and 6.

[14] Motion for Leave to File Response (docket number 24) at 1, ¶ 3.

[15] Exum's Reply (docket number 26) at 1, ¶ 3.

request is directed must respond within 30 days, although the parties may stipulate to a longer time for responding. Rule 36(a)(3). Here, the requests were initially served on December 1, 2011. Because Exum apparently did not receive the initial discovery requests, however, the parties subsequently agreed that the deadline for responding to discovery would be extended to February 17, 2012. Exum did not respond by the deadline agreed to by the parties.

If a timely response is not filed, then the matter "is admitted." *Id.* Furthermore, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). *See also Quasius v. Schwan Food Co.*, 596 F.3d 947, 950 (8th Cir. 2010). Accordingly, pursuant to Rule 36, the matters set forth in Portfolio's requests for admissions were "admitted" when Exum failed to timely respond, and were "conclusively established" unless the Court permits the admissions to be withdrawn or amended. When matters are "admitted" and "conclusively established" by failing to timely respond, the "proper procedure" is filing a motion with the Court pursuant to Rule 36(b). *Id.* at 951. Exum has done that here.

In its resistance to the instant motion, Portfolio attaches significance to the Court's Order of March 15, in which it found that "[t]he matters set forth in Portfolio's request for admissions are deemed admitted and conclusively established for purposes of this proceeding." That is, Portfolio argues that Exum's motion is moot because "[t]he Court has already ordered that [Portfolio's] Requests for Admissions are deemed admitted."[16] Exum's admissions, and the legal significance of those admissions, were established automatically by operation of Rule 36, rather than the Court's Order. In other words, the matters set forth in Portfolio's requests for admissions were admitted when Exum failed to serve a timely response, and were "conclusively established" for purposes of this case unless the Court allows Exum to withdraw the admissions. FED. R. CIV. P. 36(a)(3) and 36(b). The Court's Order simply stated the Rule's effect. Portfolio provides no authority

---

[16] Portfolio's Memorandum of Law (docket number 23) at 3.

for the proposition that the Court's Order has any additional legal significance. The Court concludes that *if* Exum is entitled to withdraw her admissions pursuant to Rule 36(b), then the Court's Order of March 15 does not preclude that result.

Accordingly, the Court must determine whether, pursuant to Rule 36(b), Exum should be permitted to withdraw her admissions. The Court is guided by the language of Rule 36(b):

> [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

FED. R. CIV. P. 36(b). *See also FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) ("The two-prong test of Rule 36(b) directs the court to consider the 'effect upon the litigation and prejudice to the resisting party,' rather than focusing on the moving party's excuses for an erroneous admission.") (citation omitted).

The first prong of the test requires the Court to consider whether withdrawal of the admissions would "promote the presentation of the merits of the action." Here, Portfolio concedes in its resistance that withdrawal of the admissions would promote the presentation of the merits of the action, "if Plaintiff chose to present them."[17] Portfolio argues, however, that Exum has effectively abandoned the lawsuit by failing to contact her attorney for several months, despite his repeated requests that she do so.

The second prong of the test requires the Court to focus on whether withdrawal of the admissions would prejudice Portfolio in defending the action. Portfolio asserts that it "has been and will continue to be prejudiced if Plaintiff is allowed leave to amend her deemed admissions," again citing Exum's persistent failure to keep in touch with her attorney.[18] Portfolio argues that permitting Exum to amend her responses to the requests

---

[17] *Id.* at 6.

[18] *Id.*

for admissions "would unnecessarily prolong this litigation, which Plaintiff has abandoned."[19]

The Court concludes that both prongs of the test found in Rule 36(b) have been met. Clearly, withdrawal of the admissions would promote the presentation of the merits of the action. If the admissions are permitted to stand, then those matters set forth in the request for admissions are conclusively established and Exum's claim is effectively done. In addition, the Court finds no prejudice to Portfolio by allowing the admissions to be withdrawn. Simply being required to address the merits of the action does not constitute the "prejudice" envisioned in Rule 36(b).

> The prejudice contemplated by Rule 36(b) "'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). The necessity of having to convince the trier of fact of the truth of the matter erroneously admitted is not sufficient.

*Prusia*, 18 F.3d at 640. While withdrawal of the admissions may require additional discovery, there is no other real prejudice to Portfolio.

Even if both prongs of the test found in Rule 36(b) are established, however, the Court must still exercise its discretion in determining whether the admissions should be withdrawn. Rule 36(b) provides the Court "*may* permit withdrawal or amendment" if the two-pronged test is met. FED. R. CIV. P. 36(b) (emphasis added). That is, withdrawal or amendment of the admissions is not *mandatory*, even if the two-prong test is satisfied. *Quasius*, 596 F.3d at 952 ("The parameters for permitting withdrawal of admissions under Rule 36(b) are designed to guide the district court's discretion in evaluating a motion to withdraw.")

---

[19] *Id.*

Here, Mr. McCool advised the Court that he has been unable to contact Exum regarding her case "since at least January of 2012."[20]  According to Mr. McCool, repeated emails and letters have been sent to Exum, with no response.[21]  Nonetheless, Mr. McCool served responses to Portfolio's requests for admissions on March 15, 2012 and filed the instant motion for leave to amend on April 6, 2012, all without having any contact with Exum.  Under these circumstances, the Court exercises its discretion in concluding that the admissions established by operation of Rule 36(a)(3) should be permitted to stand.  As noted by Portfolio, if the admissions are withdrawn, then it is required to incur additional expenses in a lawsuit in which the plaintiff has apparently lost interest.  Accordingly, the Court finds that Exum's motion to amend her answers to Portfolio's requests for admissions should be denied.

### B.  Portfolio's Motion for Sanctions

Next, the Court will consider Portfolio's motion for sanctions.  Portfolio asks that Exum's claims be dismissed and that Mr. McCool be ordered to pay Portfolio's attorney fees and costs.  Preliminarily, the Court must address Exum's motion for leave to file a late response to the motion for sanctions.  Portfolio's motion for sanctions was filed on April 10, 2012.  Exum failed to respond by the April 27 deadline for doing so.  On April 30, Exum filed the instant motion for leave to file a response.

In an apparent attempt to comply with Local Rule 7.*l*, the motion states that "Plaintiff has attempted to confer with Defendant regarding the filing of this Motion for Leave, but as of this filing has received no response."[22]  Local Rule 7.*l* provides that "[i]f the moving party has not conferred with another party, the motion must contain a description of the efforts made to consult with the party and an explanation of why the

_____

[20] Motion to Withdraw (docket number 19) at 1, ¶ 3.

[21] There is no indication that the emails or letters were returned as undeliverable.

[22] Portfolio's Motion for Leave to File (docket number 24) at 2, ¶ 6.

efforts were unsuccessful." Exum's summary statement that she "attempted to confer" with Portfolio is not a "description of the efforts made," as required by the Rule. Furthermore, the motion fails to comply with Local Rule 7.d, which requires that "[f]or every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies." Exum did not file a brief or otherwise cite any authority. The Court concludes that the motion should be denied for failing to comply with these local rules.

Even if the motion for leave to file a response was considered on its merits, however, the Court finds that it should be denied. The Court may, for good cause, extend the time by which an act must be done "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Here, in the unsworn motion, it is asserted that "[a]pparently due to a technical error or e-mail malfunction, Counsel for Plaintiff never received CM/ECF notification of the Motion."[23] The motion is silent regarding how or when Exum discovered the motion was pending, or why a response was not timely filed. The notice of electronic filing reflects the motion was emailed to Mr. McCool at two addresses. The Court concludes that Exum has failed to show good cause or excusable neglect, which would permit an extension of the deadline to respond.

Turning back to the motion for sanctions, Portfolio claims that sanctions are appropriate pursuant to FED. R. CIV. P. 37 and 28 U.S.C. § 1927. Rule 37(b)(2)(A) authorizes the Court to order an appropriate sanction when a party fails to obey a discovery order. Here, the Court entered an Order on March 15 requiring Exum to respond to Portfolio's interrogatories and requests for production of documents not later than April 1, 2012. On March 15, Exum served Portfolio with responses to the discovery requests, within the deadline established by the Court. In asking that sanctions be imposed, Portfolio argues that "these documents were not executed by Plaintiff, set forth

---

[23] *Id.* at 1, ¶ 3.

numerous baseless objections and continuously stated that 'investigation continues and Plaintiff reserves the right to supplement this Response as further information is revealed.'"[24]

The Court has discretion to impose an appropriate sanction for willful failure to comply with a court order. "[T]he district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 898 (8th Cir. 2009). Because there is a strong policy favoring a trial on the merits, the sanction of dismissal is used sparingly.

> When a dismissal sanction rests upon purported violations of discovery orders, courts should ensure that the specific requirements of Federal Rule of Civil Procedure 37 are met. To justify a sanction of dismissal, Rule 37 requires: "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party."

*Sentis Group*, 559 F.3d at 899 (citations omitted). *See also Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940-41 (8th Cir. 2000).

An initial review of Exum's discovery responses suggests they are woefully inadequate. However, the record here falls far short of the relief being sought by Portfolio. Exum responded to Portfolio's interrogatories and requests for production within the deadline established by the Court. While Portfolio challenges the sufficiency of those responses, particularly since they were apparently prepared by counsel without Exum's input, those complaints have yet to be heard. Furthermore, even if one concludes that Exum willfully violated the Court's order, the prejudice to Portfolio at this point is unclear. Therefore, the Court finds that Portfolio's motion for sanctions should be denied.

Portfolio also asks that costs be assessed against Mr. McCool pursuant to 28 U.S.C. § 1927. An attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" may be ordered by the court to "satisfy personally the excess costs, expenses,

---

[24] Portfolio's Memorandum of Law (docket number 21-1) at 6.

and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Because section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999). The Court concludes that Mr. McCool's actions at this point do not rise to the level of personal responsibility contemplated by section 1927.

### C.  Application for Previously-Ordered Attorney's Fees

As part of its motion for sanctions, Portfolio asks the Court to enter judgment for the attorney fees ordered as part of its March 15 Order Regarding Discovery. At that time, the Court ordered Exum to pay Portfolio's reasonable expenses, including attorney's fees, associated with Portfolio filing its motion to compel discovery. The Order provided that if the parties were unable to agree on the amount of reasonable expenses, including attorney's fees, then Portfolio could file a further application for a judicial determination of those amounts.

Attached to the instant application are declarations of Mr. Litow (docket number 21-2) and Mr. Bedell (docket number 21-4) regarding the claim for attorney fees, together with itemizations (docket number 21-5) of the time incurred by counsel in pursuing the motion to compel. The Court concludes that the time claimed was reasonably incurred and properly documented, and that the hourly rates are reasonable. Accordingly, the Court finds that judgment should enter in favor of Portfolio and against Exum in the amount of $2,532.

### D.  Motion to Withdraw as Counsel

Finally, the Court turns to the motion to withdraw as counsel filed by Mr. McCool on April 4, 2012. The motion fails to comply with Local Rules 7.*l* and 7.d and will be denied for that reason. Even if considered on its merits, however, the Court finds that the motion should be denied. The Court has no way of contacting Exum and, in Portfolio's

words, if Mr. McCool is permitted to withdraw the Court and Portfolio will be "left holding the bag."[25]

### IV.  ORDER

For the reasons set forth above, it is hereby **ORDERED** as follows:

1.     The Motion for Leave to Amend Answers to Requests for Admissions (docket number 20) filed by Exum is **DENIED**.

2.     The Motion for Leave to File a Late Response (docket number 24) filed by Exum is **DENIED**.

3.     The Motion for Sanctions (docket number 21) filed by Portfolio is **DENIED** in part and **GRANTED** in part as follows:

      a.     Portfolio's request that the complaint be dismissed is **DENIED**.

      b.     Portfolio's application for attorney fees associated with the motion to compel is **GRANTED**.  Judgment shall enter against Plaintiff Glynda Exum and in favor of Portfolio Recovery Associates, LLC in the amount of Two Thousand Five Hundred Thirty-Two Dollars ($2,532).

4.     The Motion to Withdraw (docket number 19) filed by attorney Chase McCool is **DENIED**.

DATED this __8th__ day of May, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[25] Portfolio's Memorandum in Opposition (docket number 22) at 3.